IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-06-180 |
| | § | (Civil Action No. H-08-3593) |
| RODERICK TERRELL FOUNTAIN | § | |

## **MEMORANDUM AND ORDER**

Defendant Roderick Terrell Fountain filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 87]. The United States filed a Motion for Summary Judgment, Response, and Motion to Dismiss [Doc. # 91], and Defendant filed a Response [Doc. # 99].[1] The Court has carefully reviewed all pertinent matters in this criminal case, including the transcript of Fountain's rearraignment hearing ("Tr.") [Doc. # 77]. Based on this review, the Court's clear recollection of the case, and the application of governing legal authorities, the Court finds that Fountain knowingly and voluntarily entered into a plea agreement waiving his right to collateral review under § 2255. As a result, the Court **grants** the United States' Motion for Summary Judgment or to Dismiss, **denies**

---

[1]   Defendant filed his Response as a "Motion to Supplement," but he did not seek to add additional claims to his § 2255 Motion.

Defendant's § 2255 Motion, and **dismisses** the corresponding civil action (H-08-3593) for the reasons set forth below.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In September 2006, a grand jury returned a Second Superseding Indictment against Fountain. Count 1 of the Second Superseding Indictment charged Fountain with possession of a firearm (a Mossberg 12 gauge shotgun) after having previously been convicted of three felony offenses that were either violent felonies or serious drug offenses. In Count 2, Fountain was charged with possession of a firearm after having been convicted of a crime of domestic violence. In Count 3, Fountain was charged with intent to influence testimony of another in an official proceeding on April 21, 2006, and, in Count 4, Fountain was charged with intent to influence testimony of another in an official proceeding on August 15, 2006.

On September 26, 2006, Fountain appeared before the Court and entered a plea of guilty to Count 1 of the Second Superseding Indictment pursuant to a written Plea Agreement [Doc. # 48]. In the Plea Agreement, Fountain was clearly advised that, if the Court found that Fountain had been previously convicted of three felonies that were either violent felonies or serious drug offenses, his potential sentence would include a term of imprisonment of at least fifteen (15) years and a maximum of life. *See* Plea Agreement, ¶ 2. Also under the terms of the Plea Agreement, Fountain

waived his right to appeal his conviction and sentence, and waived his right to seek collateral review of his conviction and sentence under § 2255 or otherwise.[2] *See id.,* ¶ 7. Fountain represented that he was pleading guilty to Count 1 of the Second Superseding Indictment because is was actually guilty of the offense charged therein. *See id.*, ¶ 15. Fountain further represented that there had been no promises, representations (except those made in the written Plea Agreement), or threats, and that he was "pleading guilty freely and voluntarily because he is guilty." *Id.*, ¶ 20. In an Addendum to the Plea Agreement, Fountain stated that he had "read and carefully reviewed every part of the Agreement with [his] attorney," that he understood the terms of the Plea Agreement, and that he voluntarily agreed to those terms. *See* Addendum to Plea Agreement [Doc. # 48], p. 2.

Following a sentencing hearing on January 8, 2007, the Court sentenced Fountain to a term of imprisonment for 180 months, a five-year term of supervised release, and a special assessment of $100.00. Fountain appealed his conviction, arguing that the firearm conviction violated the Commerce Clause. The Fifth Circuit rejected the appeal and affirmed Fountain's conviction. *See* Fifth Circuit Order [Doc. # 85].

---

[2] As a limited exception to the waiver of appeal and collateral review, Fountain did not waive his right to challenge his conviction on the sole ground that it violated the Commerce Clause of the United States Constitution.

On December 8, 2008, Fountain filed his § 2255 Motion. Fountain claimed that he had received ineffective assistance of counsel because his attorney failed to explain the consequences of waiving his right to appeal, that his plea agreement and the waiver of appeal were not knowing and voluntary, that his sentence was illegal, that his attorney inadequately prepared for the suppression hearing and failed to appeal the denial of his suppression motion, and that the consent to search was invalid. The United States responded to the § 2255 Motion, which is now ripe for decision.

## II.   ANALYSIS

Fountain executed a written Plea Agreement that expressly waived collateral review under 28 U.S.C. § 2255. It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes,* 20 F.3d 651, 653 (5th Cir. 1994). Fountain asserts, however, that he did not enter into the Plea Agreement knowingly and voluntarily because his attorney failed to explain to him the possible sentence he faced and the consequences of waiving his right to appeal. Fountain also alleges that his guilty plea was not knowing and voluntary because he was trying to protect his wife from being indicted and charged with perjury. These assertions are refuted by the record, including the provisions of the Plea Agreement described above.

Additionally, Fountain's assertion that the Plea Agreement and its waiver of collateral review were not knowing and voluntary is refuted by Fountain's sworn statements during the rearraignment hearing on September 26, 2006. Fountain's sworn statements in open court during his rearraignment are entitled to a strong presumption of truthfulness. *See United States v. Lampaziane,* 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Particularly, a defendant's statements at the plea colloquy are entitled to "great weight" in the Fifth Circuit. *See United States v. Cothran,* 302 F.3d 279, 283-84 (5th Cir. 2002).

At the beginning of the rearraignment hearing, the Court administered the oath to Fountain and advised him that he needed to tell the truth. *See* Tr., p. 4. Fountain told the Court at the beginning of the hearing that it was clear that he needed to tell the truth (Tr. at 4), and he told the Court at the end of the hearing that everything he had said during the hearing was "completely true" (Tr. at 41). Fountain also told the Court, under oath, that he had discussed the Plea Agreement carefully with his attorney (Tr. at 17, 32) and that he had read it (Tr. at 32).

The Court fully explained the possible sentence Fountain faced if he was found guilty pursuant to his guilty plea. The Court explained that, if the prior relevant convictions were found, Fountain faced a range of "15 years to life" (Tr. 29, 32). Fountain's attorney represented during the hearing that he had discussed the possible

sentence with Fountain "on several occasions" and that Fountain was aware that the possible sentence could be a mandatory minimum of 15 years and a maximum of life. *See* Tr. at 30. The Court asked Fountain if counsel's statement was true and Fountain answered, "Yes, ma'am." *See id.*

The Court carefully and fully explained to Fountain the consequences of his guilty plea and of the waiver of his rights to appeal or seek collateral review of his conviction and sentence. The Court specifically advised Fountain that he could not appeal any "searches that may have been done" (Tr. 12-13). Fountain's attorney represented to the Court that "Mr. Fountain clearly understands that the suppression hearing held earlier in this case would not be a topic available to him for appeal as a result of this plea," the Court asked Fountain whether he had discussed the issue with his lawyer, and Fountain answered "Yes, ma'am." *See* Tr. at 13. The Court advised Fountain that he was giving up his "right to file a Motion for Post-Conviction Relief" (Tr. 33-34) and that there would be "no appeals and no later habeas corpus writs or 2255s or what they call post-conviction or collateral requests for relief" (Tr. 38). Fountain told the Court that he understood. *See* Tr. at 38.

Fountain also told the Court, under oath, that nobody was threatening him in any way and that there was no pressure, coercion, or duress from any source. *See id.* at 40. Fountain specifically told the Court that he was "making the plea to Count One

freely and voluntarily" and that he was not "trying to protect someone else from criminal prosecution by pleading guilty." *See id.* at 42-43.

Fountain states in his Response [Doc. # 99] that he is "actually innocent of being an Armed Career Criminal" and that he "continues to deny that he possessed a firearm in or affecting interstate commerce." It appears that Fountain merely continues to assert his Commerce Clause challenge to the firearms conviction. The Court notes that Fountain admitted under oath during the rearraignment hearing that he was prohibited by prior convictions from possessing a firearm (Tr. at 23, 26) and that he possessed the Mossberg 12 gauge shotgun (Tr. 24). It was undisputed that the firearm was manufactured in Connecticut (Tr. 26). Fountain's sworn statements at the hearing, together with well-established legal authority regarding the firearm's nexus to interstate commerce, refute his position that he is "actually innocent" of the crime charged in Count One of the Second Superseding Indictment.

Based on Fountain's sworn statements and responses during the rearraignment hearing, the Court found that Fountain was capable of entering an informed plea, that the plea was supported by facts establishing all elements of the crime charged, that Fountain's guilty plea was "voluntarily, freely, and knowingly made," and that Fountain understood "the nature of these proceedings and the consequences of his

guilty plea." *See* Tr. at 43. The Court also found that Fountain's plea of guilty was an informed one. *See id.* The record fully supports the Court's findings.

The Court finds that Fountain read the Plea Agreement, discussed it fully with his attorney, and understood its terms. The Court finds that Fountain entered into the Plea Agreement and pled guilty to Count One of the Second Superseding Indictment freely, voluntarily, and knowingly. As a result, the waiver of collateral review contained in paragraph 7 of the Plea Agreement is binding and enforceable, requiring dismissal of this § 2255 Motion.

### III.    CERTIFICATE OF APPEALABILITY

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would conclude without debate that Fountain has waived his right to seek relief under § 2255.  Accordingly, a certificate of appealability will not issue.

## IV.    <u>CONCLUSION AND ORDER</u>

Because the record establishes conclusively that Defendant's Plea Agreement was entered into knowingly and voluntarily, the Court enforces the waiver of

Defendant's right to pursue relief under 28 U.S.C. § 2255.  Accordingly, the Court **ORDERS** as follows:

1. The United States' Motion for Summary Judgment or to Dismiss [Doc. # 91] is **GRANTED**, Defendant's pending § 2255 motion [Doc. # 87] is **DENIED**, and the corresponding civil action (H-08-3593) is **DISMISSED** with prejudice.

2. A certificate of appealability from this decision is **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-08-3593.

SIGNED at Houston, Texas, this 16th day of **June, 2009**.

*[signature]*

Nancy F. Atlas
United States District Judge